IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50131
Summary Calendar
_____


Delia Ramirez,

                                      Plaintiff-Appellee,

                         versus

State of Texas,
Dept. of Mental Health &
Mental Retardation, and
San Antonio State School

                                      Defendant-Appellant.



_____

Appeal from the United States District Court
for the Western District of Texas
(SA-95-CV-1029)
_____


September 4, 1997
Before KING, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Delia Ramirez appeals the district court's order granting

summary judgment for the Appellees.  We affirm.

I.

        Appellees moved for summary judgment in accordance with Rule

56(c).  Fed. R. Civ. P. 56(c).  Attached to the Appellees' summary

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment motion were affidavits and documents showing that they had a non-discriminatory reason for dismissing Ms. Ramirez. The Appellees' motion and supporting materials complied with Rule 56(e), including the documents from Ms. Ramirez's personnel file which the records custodian at the San Antonio State School certified as business records. Fed. R. Civ. P. 56(e); See Fed. R. Evid. 803(6). Contrary to Ms. Ramirez's assertions, there is no question about the admissibility of Appellees' supporting materials.

After Appellees filed their motion for summary judgment with supporting affidavits, Ms. Ramirez's job was to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In completing this task, Ms. Ramirez could not simply restate the allegations in her pleadings. Rather, she was required to respond with affidavits and other materials which evidenced a triable issue of fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Topalian v. Ehrman, 954 F.2d 1125, 1131-32 (5th Cir. 1992), reh'g denied, 961 F.2d 215 (5th Cir. 1992), and cert. denied 506 U.S. 825 (1992).

Ms. Ramirez did not do so. In response to Appellees' motion, Ms. Ramirez only offered her subjective opinion that she was subjected to increased scrutiny at work and eventual termination because of her engagement in protected activities. She offered no evidence of any kind which provided a factual basis for her belief. On the other hand, Appellees presented a great deal of evidence

2

which indicated that the reason for the close supervision and eventual termination of Ms. Ramirez was her continually poor work performance. "It is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate non-discriminatory reason." Douglass v. United Services Automobile Ass'n., 79 F.3d 1415, 1430 (5th Cir. 1996). Ms. Ramirez's challenge to the district court's grant of summary judgment against her must fail since she failed to come forward with any evidence establishing an essential element of a Title VII claim for unlawful retaliation viz., a causal link between her filing discrimination complaints against her employers and the termination of her employment. Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996).

## II.

Ms. Ramirez also complains that the district court erred in granting summary judgment because pending at the time of entry of the summary judgment order was her motion to compel production of discovery requests. She claims that the records she sought from Appellees at this time were "tremendously relevant to the [sic] her obtaining evidence concerning Defendants' retaliatory actions." (Appellant's Brief at 22.) We find her challenge to the district court's judgment on this ground to be frivolous. If Ms. Ramirez needed more discovery to defeat summary judgment, then it was up to

3

her to move for a continuance pursuant to Rule 56(f).  Fed. R. Civ. P. 56(f); <u>Potter v. Delta Air Lines, Inc.</u>, 98 F.3d 881, 887 (5th Cir. 1996).  "Because she did not, she is now foreclosed from arguing that she did not have adequate time for discovery." <u>Potter</u>, 98 F.3d at 887.

The judgment of the district court is AFFIRMED.